No. 86-034

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

THELMA WALKER,

        Plaintiff/Appellant,

   vs.

B. MILES LARSON, and ST. PAUL FIRE AND
MARINE INSURANCE COMPANY,

        Defendants/Respondents.

APPEAL FROM:  District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Howard F. Strause, Great Falls, Montana,


    For Respondent:

        Jardine, Stephenson, Blewett and Weaver;
William D. Jacobsen, Great Falls, Montana,

Submitted on Briefs:  April 4, 1986

Decided:  October 2, 1986

Filed:  OCT 2 - 1986

_____
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

This is an appeal from the Eighth Judicial District in and for Cascade County, Montana, granting summary judgment to defendants. We reverse and remand.

In September, 1981, St. Paul Fire and Marine Insurance Company (St. Paul) issued an errors and omissions policy to B. Miles Larson (Larson), a practicing attorney in Stanford, Montana. The policy was a renewal of a policy Larson had with St. Paul since 1971, and was to be in effect for one year. The policy was not renewed when it came due, although an application to renew had been sent to Larson in July.

St. Paul offered Larson a reporting endorsement, which had it been purchased, would have extended his coverage to include claims made or reported after the expiration date of the policy. Larson did not respond to the offer and no endorsement was issued.

Larson was retained by Thelma Walker (Walker) during the summer of 1979 to probate the estate of her late husband. In January, 1982, the Internal Revenue Service (IRS) notified Walker that Larson had computed incorrectly the amount of estate tax due and owing by the estate and had incorrectly filed the Federal Estate Tax Return. At a meeting between an IRS agent, Walker, Walker's new attorney and her two daughters, it was determined that as a result of Larson's mistakes Walker owed a considerable amount in unpaid taxes and interest.

Sometime before September 1, 1982, Larson was contacted by an IRS agent informing him the IRS did not agree with his computation on the estate tax returns. Larson also received a copy of a letter Walker wrote to the Commission on Practice

June 1, 1982, detailing Larson's actions. Walker spoke to St. Paul's general agent in Stanford about Larson's actions.

Walker's attorney sent a letter to Larson January 31, 1983, outlining Walker's major complaint against Larson. A copy of that letter was sent to the agency office in Stanford and was promptly forwarded to the St. Paul offices in Great Falls, along with a claim form. Shortly thereafter, St. Paul mailed a letter to Larson denying coverage on the ground the claim had not been made within the policy period.

Walker subsequently filed a complaint against Larson alleging he had committed malpractice in administering the estate of her late husband and she had been damaged. She further alleged lack of good faith in settlement negotiations and other unfair trade practices as prohibited by § 33-18-201, MCA. Both defendants filed motions to dismiss, which were denied. Larson did not file an answer and a default judgment was taken. St. Paul then filed a declaratory judgment action, asking the court to dismiss Walker's claim against it and to declare that her actions against Larson were not covered by any insurance policy issued by St. Paul. Several months later St. Paul moved for summary judgment on all issues relating to its liability. Walker filed a memorandum of authorities in opposition to the motion for summary judgment and affirmatively asked the court to grant summary judgment in her favor on the issue of insurance coverage. The court granted judgment in favor of St. Paul and dismissed Walker's claim against St. Paul with prejudice. Walker appeals that order.

Appellant presents two issues to the Court; (1) Whether it was error to grant summary judgment to defendants rather than to plaintiff and (2) whether there was

3

a factual question as to whether or not bad faith was involved in St. Paul's denial of coverage. The first issue is dispositive.

Summary judgment is granted only when there is no genuine issue of material fact. Rule 52(a), M.R.Civ.P. We will not reverse an order of the District Court unless it is clearly erroneous resulting in an abuse of discretion. In this case the ruling was clearly erroneous.

Larson's policy was a "claims made policy." Coverage was effective if a claim was made within the policy term. Both parties acknowledge the act of malpractice occurred within the policy term. St. Paul attempts to show no claim was made until after the term had expired. Walker argues, in turn, several incidents within the policy term effectively were claims. She had conversations with the agent and the secretary at the agency office in Stanford, and she wrote a letter to the Commission on Practice. She did not file a complaint in district court within the policy term.

Appellant relies upon J.P. Link and Company v. Continental Casualty Company (9th Cir. 1972), 470 F.2d 1133. In that case the Circuit Court held that in the "claims made policy" under review, the word "claim" was ambiguous. The word "claim" could include more than filing a lawsuit and there was evidence that claims of liability were being pressed against the insured although no official claim had been filed. Coverage in Link was found to exist as a matter of law because ambiguity in the term claim was construed against the insurer, who wrote the policy.

The case before us is strikingly similar to the Link case. The word "claim" is not defined in this policy and under the authority of Link it is sufficiently ambiguous to

4

spring the rule which requires the ambiguity be construed against the insurer. There is ample evidence here to show that the plaintiff made claim against Larson, the insured, during the policy period. In fact, Plaintiff Walker filed a complaint with the Commission on Practice and advised both the insured and the insurer's agent, that she had done so. This action was taken during the policy period.

We reverse summary judgment and hold coverage as a matter of law. The case is remanded for entry of judgment in favor of Thelma Walker.

Justice

We concur:

Chief Justice

Justices