No. 89-065

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

THELMA WALKER,

Plaintiff and Appellant,

-vs-

ST. PAUL FIRE AND MARINE INSURANCE COMPANY,

Defendants and Respondents.

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable R. D. McPhillips, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Howard F. Strause argued, Great Falls, Montana

For Respondent:

William D. Jacobsen argued; Jardine, Stephenson, Blewett &
Weaver, Great Falls, Montana

Submitted: October 17, 1989

Decided: February 5, 1990

Filed:

Clerk

trade practices prohibited under § 33-18-201, MCA, of the Montana Unfair Trade Practices Act.

An earlier appeal to this Court held that Walker's malpractice claim against attorney Larson was made within the effective period of his policy with St. Paul. Walker v. Larson (1986), 223 Mont. 333, 727 P.2d 1321. Even though Walker did not actually file a lawsuit within the policy period, this Court found that by filing a complaint with the Commission on Practice detailing Larson's actions and advising both Larson and St. Paul that she had done so, Walker had made a claim. This Court concluded there was coverage as a matter of law. Walker, at 336, 727 P.2d at 1323.

Following the first Walker decision, the claims against Mr. Larson were tried to a jury and a verdict was returned against Mr. Larson. The judgment based upon that verdict has been satisfied. The only remaining issue after that judgment was the bad faith claim by Walker against St. Paul which remained to be litigated.

St. Paul moved for summary judgment against Walker. Following oral arguments, the District Court ruled that St. Paul had reasonable grounds for denial of coverage for Walker's claim against Larson and that the existence of reasonable grounds for denial of coverage was established, as a matter of law, by the original District Court summary

3

judgment in St. Paul's favor on the coverage question. The District Court recognized that the Montana Supreme Court reversed the District Court and upheld coverage. Nonetheless, the District Court in the present summary judgment concluded that a reasonably debatable issue regarding coverage had been established by the opposing rulings of the District Court and the Supreme Court, and therefore concluded as a matter of law that summary judgment was appropriate for St. Paul. We do not agree with that conclusion because of the presence of issues of material fact.

Summary judgment is proper only where there is no genuine issue as to any material fact. Rule 56(c), M.R.Civ.P. The purpose of summary judgment is to encourage judicial economy by eliminating unnecessary trials, but it is not to be substituted for trial if a factual controversy exists. Dare v. Montana Petroleum Marketing Co. (1984), 212 Mont. 274, 280, 687 P.2d 1015, 1019. Furthermore, the party moving for summary judgment has the burden of establishing that no genuine issue of fact exists, and only when that burden is met does the burden shift to the opposing party to show there is a genuine issue as to some material fact. Peschel v. Jones (Mont. 1988), 760 P.2d 51, 54, 45 St.Rep. 1244, 1248. Of course this Court will not reverse a district court order unless such order is clearly erroneous resulting

4

Justice John Conway Harrison delivered the Opinion of the Court.

Thelma Walker (Walker), plaintiff and appellant, brought this action alleging lack of good faith and unfair practices on the part of St. Paul Fire and Marine (St. Paul) in the negotiation and settlement of a legal malpractice claim against its insured. The District Court granted summary judgment in favor of defendant St. Paul, holding that St. Paul had reasonable grounds to deny coverage for Walker's claim against its insured, and therefore St. Paul did not lack good faith in its dealings with Walker. We reverse.

The issues presented by the appellant are:

1. Did the District Court err in granting St. Paul's motion for summary judgment?

2. Did the District Court err in granting costs for depositions which were not used as a basis for granting summary judgment?

When her husband Dale died in 1979, Thelma Walker asked B. Miles Larson, a Stanford, Montana, attorney to handle the probate of Dale's estate, including the preparation of the federal estate tax return. Due to an error by attorney Larson, Mrs. Walker had to pay approximately $5,000 to the Internal Revenue Service that she otherwise would not have had to pay. Walker later sued Larson for legal malpractice and St. Paul, Larson's insurer, for bad faith and unfair

2

in an abuse of discretion. <u>Walker</u>, at 335, 727 P.2d at 1322-23.

In summary, Walker contends that the actions of St. Paul in connection with the investigation of the claim constituted violations of § 33-18-201, MCA, Montana's Unfair Trade Practices Act.

Paragraph (2) of that Section refers to the failure of an insurance company to acknowledge and act reasonably promptly upon communications with respect to claims. Walker contends that St. Paul's failure to respond to letters addressed to it and the failure to investigate following the receipt of such letters constitutes a violation of the Act. Walker also contends that there was a failure to adopt and implement reasonable standards for the prompt investigation of claims as required under paragraph (3) of that Section. Various facts are set forth by Walker which could be construed as sufficient to establish such a failure. Walker also claims that there was a refusal to pay claims without conducting a reasonable investigation as required under paragraph (4) of that Section. Sufficient facts are set forth to establish an issue as to whether or not a reasonable investigation had been made as so required.

We do not find it necessary to discuss the factual contentions of both parties in detail. The record before the District Court established that there were genuine issues of

material fact which precluded summary judgment. The determination by the District Court that the difference in coverage determination by the District Court and Supreme Court established reasonable grounds as a matter of law does not address the issues of material fact which have been raised.

We reverse the summary judgment on the part of the District Court. Because of the reversal on the first issue, it is not necessary that we address the second issue regarding costs for depositions.

We reverse the summary judgment for St. Paul Fire and Marine Insurance Company and remand for further proceedings consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

William E. Hurd

R. C. McDonough

J. Keller

Justices

Justice John C. Sheehy, concurring specially:

I have signed the foregoing opinion and concur in it. I want to clear up, however, my view of the appellant's standard of review of a motion granting a summary judgment under Rule 56, Montana Rules of Civil Procedure.

It is stated in the foregoing opinion that "this Court will not reverse a district court's order unless such order is clearly erroneous resulting in an abuse of discretion. Walker, 727 P.2d at 1322-1323."

The foregoing statement comes from our opinion in Walker v. Larson (1986), 223 Mont. 333, 727 P.2d 1321, there this Court stated:

> Summary judgment is granted only when there is no genuine issue of material fact. Rule 52(a), M.R.Civ.P. We will not reverse the order of a district court unless it is clearly erroneous resulting in the abuse of discretion. In this case the ruling was clearly erroneous.

727 P.2d at 1322-1323.

The foregoing statement relied on the wrong rule. Instead of Rule 52(a), it should have referred to Rule 56(c), M.R.Civ.P. This Court compounded the misapplication in Walker by then referring to the "clearly erroneous" standard and an abuse of discretion standard, neither of which has any application to the appellate standard of review of a summary judgment.

> The "unless clearly erroneous" doctrine, discussed above, applies only to appellate review of findings of fact. It does not apply to the district court's conclusions of law. This is clear from both the context of the rule [Rule 52(a)] and from long established principles that the appellate court is not bound by the trial court's view of the law. The requirement in Rule 52(a) that, in addition to findings of facts, the district court shall

8

"state separately its conclusions of law thereon" is to furnish the causal link between the facts and the judgment rendered. But in reviewing the judgment, so far as questions or conclusions of law are concerned, the appellate court is not bound by the trial court's view of the law.

5A Moore's Federal Practice, 52-76, 52-77, § 52.03[2] (Pub. 410).

Rule 56(c) sets out the duty of a district court in determining a motion for summary judgment. It provides in pertinent part:

. . . The judgment shall be rendered forthwith with the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . .

We must be careful about using the term "abuse of discretion," in reviewing a district court's grant of a summary judgment. The District Court has no "discretion' if there is no genuine issue of material fact; it "shall" render summary judgment if there is no fact issue as a matter of law. Rule 56(c). It is possible, however, that the trial court may exercise discretion as to whether the opposing party has not acted properly to establish a genuine issue of material fact. Thus, from Moore, we learn:

The trial court cannot draw upon any discretionary power to grant summary judgment when that adjudication of law involves any genuine disputed issue of fact. It may however exercise a sound discretion in denying a motion for summary judgment although the moving party may be technically entitled thereto. And, where the opposing party has filed an affidavit under Rule 56(f) the trial court may exercise a sound discretion in determining the adequacy of the opposing party's stated reasons why he is then presently unable to present by affidavit facts essential to justify his opposition. And, if the reasons are inadequate, what disposition should be made of the pending motion for summary judgment? Where the trial court determines that the opposing party has not shown some sufficient reason for a continuance to present opposing evidentiary affidavits, to take depositions, or

9

otherwise obtain the opposing evidence, and proceeds to grant summary judgment in favor of a party otherwise entitled thereto, this exercise of discretion in dealing with the opposing party will not be interfered with by an appellate court except where there has been an abuse. . . .

6 Moore's Federal Practice, 56-1559, § 56.27[1](1976).

With that clarification of the standard of appellate review to be applied in this cause, I have concurred in the foregoing opinion.

John C. Sheehy
_____
Justice