JUSTICE SHEEHY,
concurring specially:
I have signed the foregoing opinion and concur in it. I want to clear up, however, my view of the appellant’s standard of review of a motion granting a summary judgment under Rule 56, Montana Rules of Civil Procedure.
It is stated in the foregoing opinion that “this Court will not reverse a district court’s order unless such order is clearly erroneous resulting in an abuse of discretion. Walker, 727 P.2d at 1322-1323.”
The foregoing statement comes from our opinion in Walker v. Larson (1986), 223 Mont. 333, 727 P.2d 1321, there this Court stated:
“Summary judgment is granted only when there is no genuine issue of material fact. Rule 52(a), M.R.Civ.P. We will not reverse the order of a district court unless it is clearly erroneous resulting in the abuse of discretion. In this case the ruling was clearly erroneous.” 727 P.2d at 1322-1323.
The foregoing statement relied on the wrong rule. Instead of Rule 52(a), it should have referred to Rule 56(c), M.R.Civ.P. This Court compounded the misapplication in Walker by then referring to the “clearly erroneous” standard and an abuse of discretion standard, neither of which has any application to the appellate standard of review of a summary judgment.
*260 “The ‘unless clearly erroneous’ doctrine, discussed above, applies only to appellate review of findings of fact. It does not apply to the district court’s conclusions of law. This is clear from both the context of the rule [Rule 52(a)] and from long established principles that the appellate court is not bound by the trial court’s view of the law. The requirement in Rule 52(a) that, in addition to findings of facts, the district court shall ‘state separately its conclusions of law thereon’ is to furnish the causal link between the facts and the judgment rendered. But in reviewing the judgment, so far as questions or conclusions of law are concerned, the appellate court is not bound by the trial court’s view of the law.”
5A Moore’s Federal Practice, 52-76, 52-77, § 52.03[2](Pub. 410).
Rule 56(c) sets out the duty of a district court in determining a motion for summary judgment. It provides in pertinent part:
“. . . The judgment shall be rendered forthwith with the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . . .”
We must be careful about using the term “abuse of discretion,” in reviewing a district court’s grant of a summary judgment. The District Court has no “discretion’ if there is no genuine issue of material fact; it “shall” render summary judgment if there is no fact issue as a matter of law. Rule 56(c). It is possible, however, that the trial court may exercise discretion as to whether the opposing party has not acted properly to establish a genuine issue of material fact. Thus, from Moore, we learn:
“The trial court cannot draw upon any discretionary power to grant summary judgment when that adjudication of law involves any genuine disputed issue of fact. It may however exercise a sound discretion in denying a motion for summary judgment although the moving party may be technically entitled thereto. And, where the opposing party has filed an affidavit under Rule 56(f) the trial court may exercise a sound discretion in determining the adequacy of the opposing party’s stated reasons why he is then presently unable to present by affidavit facts essential to justify his opposition. And, if the reasons are inadequate, what disposition should be made of the pending motion for summary judgment? Where the trial court determines that the opposing party has not shown some sufficient reason for a continuance to present opposing evidentiary affidavits, to take depositions, or otherwise obtain the opposing evidence, and *261 proceeds to grant summary judgment in favor of a party otherwise entitled thereto, this exercise of discretion in dealing with the opposing party will not be interfered with by an appellate court except where there has been an abuse ...”
6 Moore’s Federal Practice, 56-1559, § 56.27[1](1976).
With that clarification of the standard of appellate review to be applied in this cause, I have concurred in the foregoing opinion.