**George R. MADDEN, Plaintiff—Appellant,**

v.

**ATTORNEYS LIABILITY PROTECTION SOCIETY, INC., a mutual risk retention group and a Montana corporation, et al., Defendants—Appellees.**

No. 01–36103.
D.C. No. CV–00–00076–DMW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 2002.

Decided Jan. 31, 2003.

Before HILL,* GOULD and BERZON, Circuit Judges.

## MEMORANDUM **

George R. Madden sued Attorneys Liability Protection Society alleging a bad faith failure to settle his professional negligence claim against its insured. The district court granted summary judgment to defendant, and Madden appealed. After oral argument and a careful review of the record, we affirm.

### I.

George R. Madden sued his former attorneys, Robert Prigge and Moulton Bellingham Longo & Mather ("MBL & M"), claiming that their conduct fell below the required standard of care while representing him in the purchase of a ranch in Montana. He alleged that MBL & M failed to inform him of the existence and scope of certain covenants and servitudes placed on the ranch by its previous owner, the Nature Conservancy, and that these restrictions reduced the value of that property. After several years of litigation and, ultimately, court-ordered mediation, Madden received a settlement of two million dollars. Thereafter, Madden sued his former attorneys' malpractice carrier, Attorneys Liability Protection Society ("ALPS"), both at common law and pursuant to Montana's Unfair Trade Practices Act, Mont.Code Ann. §§ 33–18–201 and 242 (2002) ("Section 201" and "Section 242" respectively), claiming they refused in bad faith to settle his claim timely.

* The Honorable James C. Hill, Senior United States Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The district court granted summary judgment to ALPS, holding that the undisputed facts established that ALPS had a reasonable basis for contesting Madden's claim. We review this conclusion of law *de novo.* *Thomas v. Oregon Fruit Prods. Co.,* 228 F.3d 991, 993 (9th Cir.2000). The district court's interpretation of Montana law is also reviewed *de novo.* *Redwood Empire Life Support v. County of Sonoma,* 190 F.3d 949, 953 (9th Cir.1999).

### II.

Under Montana law, ALPS has a duty to attempt to reach a prompt, fair and equitable settlement of a claim for which "liability has become reasonably clear." Mont.Code Ann. § 33–18–201(6). In order to determine whether liability is reasonably clear, an insurer has a duty to "conduct[ ] a reasonable investigation" of the claim. Mont.Code Ann. § 33–18–201(4). A third-party claimant has an independent cause of action against an insurer for damages caused by a violation of this statute. Mont.Code Ann. § 33–18–242(1). On the other hand, an insurer may not be held liable for violating this section if it had a "reasonable basis in law or in fact for contesting the claim or the amount of the claim." Mont.Code Ann. § 33–18–242(5).

■ Madden argues that the district court erred in granting summary judgment to ALPS because ALPS did not conduct an independent investigation of his claim, and ALPS failed to attempt to promptly settle his claim after its liability to him had become reasonably clear.[1]

1. Despite the fact that the issue on appeal is whether ALPS is entitled to the summary judgment granted it by the district court, Madden continues to argue that *he* is entitled to summary judgment. Although he filed a cross-motion for summary judgment, the denial of that motion is not under review.

**A.** *Section 33–18–201(4): Failure to conduct a reasonable investigation*

The parties do not dispute [2] that an investigation was conducted by Dana Christensen, the attorney retained by ALPS to defend MBL & M against Madden's claim. Nor is there any dispute that Christensen thoroughly investigated Madden's claim and informed ALPS that MBL & M had valid defenses to it.[3] Madden's argument is that ALPS was obligated to conduct an additional, "independent" investigation.[4]

We reject this interpretation of Section 201(4). Madden has cited no law that requires an insurer to second-guess the informed opinion of counsel that its insured has defenses to a claim, and we know of none. Indeed, to so hold would, as the district court noted, put the carrier at odds with the insured, and in bed with the claimant. On the contrary, in the absence of some event that would put the insurer on notice of an insufficiency in the investigation conducted by the competent counsel it retained to defend its insured, that investigation is attributable to the insurer and fulfills its obligation under Montana law. *See Ensey v. Colorado Cas.,* 306 Mont. 68, 30 P.3d 350, 352 (Mont.2001) (attorney retained by insurer can act on its behalf to fulfill obligations under Section 201).

**B.** *Section 33–18–242(5): "Reasonable basis" defense*

Section 242(5) provides that "[a]n insurer may not be held liable under this section if the insurer had a reasonable basis in law or in fact for contesting the claim or the amount of the claim, whichever is in issue." The party asserting this defense has the burden of establishing it by a preponderance of the evidence. *Watters v. Guar. Nat'l Ins. Co.,* 300 Mont. 91, 3 P.3d 626, 639 (Mont.2000). Although whether the insurer had a "reasonable basis in law or in fact" for contesting the claim is generally a question of fact, and cannot be decided "as a matter of law," *Dean v. Austin Mut. Ins. Co.,* 263 Mont. 386, 869 P.2d 256, 258 (Mont.1994), the Montana Supreme Court has determined that "where the underlying 'basis in law' is grounded on a legal conclusion, and no issues of fact remain in dispute," summary judgment is appropriate. *Watters,* 3 P.3d at 639 (case law provided insurer with absolute defense as a matter of law). *See also Bartlett v. Allstate Ins. Co.,* 280 Mont. 63, 929 P.2d 227, 231 (Mont.1996) (affirming summary judgment where claimant as a matter of law did not have an insurable interest in damaged property, and therefore insurer clearly had a reasonable basis for not paying claim); *Watts v. Westland Farm Mut. Ins. Co.,* 271 Mont. 256, 895 P.2d 626, 630 (Mont.1995) (affirming sum-

---

**2.** The district court noted in its order that Madden failed to respond appropriately to the defendant's motion for summary judgment, submitting "legal contentions in opposition to facts identified by ALPS as not being in dispute." As a result, there is no evidence in the record to contradict ALPS's contentions regarding Christensen's investigation or that his conclusions were communicated to ALPS.

**3.** Madden acknowledges in his brief that Christensen told ALPS that its insured had informed Madden's real estate agent of the covenants and servitude prior to the closing on the ranch.

**4.** ALPS contends that the district court's holding on the reasonable investigation issue was *dicta,* because its holding that ALPS had a reasonable basis for contesting Madden's claim sufficed to decide the case. The statute, however, provides that failure to conduct an investigation is an independent cause of action. Mont.Code Ann. § 33–18–242(1). *See also Walker v. St. Paul Fire & Marine Ins. Co.,* 241 Mont. 256, 786 P.2d 1157, 1159 (Mont. 1990).

mary judgment in favor of insurer where insurance policy was, as a matter of law, not in effect at time of insured's loss).

■ ALPS argues that this is such a case. In its motion for summary judgment, ALPS recited the following facts in support of its contention that it had a reasonable basis in law and in fact for failing to settle Madden's claim: Madden's realtor had confirmed that Madden had a copy of the covenants and servitudes prior to purchasing the ranch; Christensen provided ALPS with an initial analysis of Madden's claim, concluding that there were a number of viable defenses; in a subsequent letter, Christensen informed ALPS that Madden's claim was "entirely defensible;" and an expert opined that MBL & M's conduct in the underlying representation did not fall below the standard of professional care.

Under these undisputed facts,[5] MBL & B's liability to Madden was not so clear that ALPS had a duty as a matter of law to settle Madden's claim upon its filing. On the contrary, ALPS had a reasonable basis in fact to contest Madden's claim. If Madden knew of the restrictive covenants and servitudes prior to purchasing the ranch, then MBL & B's liability to him was not "reasonably clear" and ALPS was entitled to defend against Madden's claim. The mere fact that ALPS ultimately settled Madden's claim does not automatically establish that it exercised bad faith in failing to settle that claim sooner. *See Palmer by Diacon v. Farmers Ins. Exch.*, 261 Mont. 91, 861 P.2d 895, 914 (Mont.1993). To hold otherwise would "impair the insurer's right to a zealous defense and even its right of access to the courts." *Id.*

---

**5.** Madden did not dispute ALPS's recitation of the undisputed facts.

### III.

For the foregoing reasons, we conclude that the district court correctly entered summary judgment for ALPS and the judgment of the district court is AFFIRMED.