**Thomas L. MOFFETT, II, et al., Plaintiffs**

v.

**COMPUTER SCIENCES CORPORATION, et al., Defendants.**

**Civil No. PJM 05–1547.**

United States District Court, D. Maryland.

July 6, 2009.

Donald W. Marcari, Frank D. Lawrence, III, Marcari Russotto and Spencer, Chesapeake, VA, Martin H. Freeman, Freeman and Freeman PC, Rockville, MD, for Plaintiffs.

Arthur F. Fergenson, Ansa Assuncao LLP, Holly Drumheller Butler, DLA Piper U.S. LLP, Jamie M. Bennett, Allen F. Loucks, Office of the United States Attorney, Steven Michael Klepper, Kramon and Graham PA, Monte Fried, James D. Skeen, Wright Constable and Skeen LLP, Michael J. Halaiko, Miles and Stockbridge PC, Jennifer S. Lubinski, Kathleen M. Bustraan, Lord and Whip PA, Baltimore, MD, Jay I. Morstein, Owings Mills, MD, Tyler Brian Raimo, Computer Sciences Corporation, Falls Church, VA, Robert H. King, Jr., Sonnenschein Nath and Rosenthal LLP, Chicago, IL, Kirk Robert Ruthenberg, Sonnenschein Nath and Rosenthal LLP, Steuart H. Thomsen, Sutherland Asbill and Brennan LLP, Jennifer Caitlin Argabright, Scott Nathan Auby, W. Neil Eggleston, Debevoise and Plimpton LLP, Elizabeth Treubert Simon, Pamela Anne Bresnahan, Vorys Sater Seymour and Pease LLP, Washington, DC, Gerald Joseph Nielsen, Nielsen Law Firm LLC, Metairie, LA, Peter F. Axelrad, Council Baradel Kosmerl and Nolan PA, Annapolis, MD, Patricia McHugh Lambert, Steven B. Schwartzman, Patricia McHugh Lambert, Hodes Pessin and Katz PA, Towson, MD, Craig Russell Blackman, Samuel J. Arena, Jr., Stradley Ronon Stevens and Young LLP, Philadelphia, PA, Edward J. Hutchins, Jr., Stacey Ann Moffet, Eccleston and Wolf PC, Hanover, MD, William J. Hickey, Law Offices of William J. Hickey LLC, Debra Anne Nelson, William Lowell Mundy, Mundy and Nelson, Huntington, WV, James Hilton Crosby, Crosby Saad LLC, Mobile, AL, William Gerald Gandy, Wilson Elser Moskowitz Edelman and Dicker, McLean, VA, Bradish J. Waring, Mary Legare Hughes, Nexsen Pruet LLC, Charleston, SC, for Defendants.

## OPINION

PETER J. MESSITTE, District Judge.

Plaintiffs are Maryland residents seeking to recover damages for flood losses

resulting from Hurricane Isabel that occurred in September 2003. They are insured by the Federal Emergency Management Agency (FEMA) and a number of independent insurance carriers under the National Flood Insurance Program (NFIP). The background of their dispute is set forth in an earlier opinion of the Court. *See Moffett, et al. v. Computer Sciences Corp., et al.*, 457 F.Supp.2d 571 (D.Md.2006). Presently before the Court is the issue of whether it has authority to review FEMA's decisions regarding Plaintiffs' individual requests for waiver of the time to file proofs of loss under their insurance policies.

Having considered the parties' briefs and oral arguments, the Court **HOLDS** that it has authority to review the waiver decisions.

## I.

The NFIP is a federally-subsidized program designed to make flood insurance available to the general public at or below actuarial rates. NFIP insurance is written either directly by FEMA or by private carriers through what is known as the "Write–Your–Own Program" ("WYO Program"). *See* 42 U.S.C. §§ 4071, 4081(a) (2006); 44 C.F.R. § 62.23–24 (2008).

As to all the carriers, the terms and conditions of coverage are fixed by FEMA regulation in the form of a Standard Flood Insurance Policy (SFIP). *See* 44 C.F.R. §§ 61.4(b), 61.13(d)-(e), 62.23(c)-(d) (2008). The SFIP sets out several conditions for collecting on a claim. One such condition requires the insured, within 60 days after the flood loss, to submit a proof of loss consisting of detailed written notice identifying the nature of the property damaged, how and when the damage occurred, and

the monetary value of the damage. 44 C.F.R. § 61, App. A(1), Art. VH(J)(4) (2008). An insured may not sue the issuer of an SFIP until he or she has complied with all of the requirements of the policy. *Id.* at Art. VII, ¶ R.

Plaintiffs allege that they suffered their flood losses on September 18, 2003. Accordingly, under the terms of the SFIP, proofs of loss had to be filed within 60 days, *i.e.* by November 17, 2003. On October 28, 2003, however, FEMA notified all potentially affected insureds that the deadline for filing proofs of loss would be extended until January 17, 2004. Some insureds filed claims within the extended period. A number of insureds, including Plaintiffs, missed the extended deadline.

Under its regulatory framework, the Federal Insurance Administrator is authorized to waive the proof of loss deadline at his discretion. *See* 44 C.F.R. § 61.13(d) (2008). Upon receipt of a waiver request, the Administrator, or his delegates, "determine whether it is an appropriate claim to waive the [proof of loss] deadline and whether there is a legitimate reason why the [proof of loss] was not timely submitted." Suzanne E. Woods Decl. ¶ 6 (June 21, 2007).[1]

During one of several oral arguments before the Court that occurred in these proceedings during 2007, FEMA acknowledged that it had granted waivers for some insureds beyond the January 17, 2004 deadline. But when asked by the Court what criteria were used to determine whose claims might be considered after the deadline and whether such criteria had ever been publicly announced, FEMA was not able at first to articulate the criteria, except to suggest that some claims for

---

1. Suzanne E. Woods is the Insurance Examiner in the Mitigation Division of FEMA. Su- zanne E. Woods Decl. ¶ 6 (June 21, 2007).

additional compensation were deemed to be meritorious and were therefore granted late. Thereafter, per the Woods Affidavit it. FEMA advised the Court of the criteria, effectively conceding that they had not theretofore been published.[2]

Because it felt that these criteria for waiver were potentially invalid as to pending claims in that they were not previously-announced, the Court, contingent upon a subsequent finding that the criteria would indeed be held invalid for that reason, granted Plaintiffs leave to file individual requests for waiver of the proof of loss deadline.

Plaintiffs thereupon filed individual waiver requests based upon the newly announced criteria set forth by FEMA. In July and August 2008, FEMA issued a series of letters denying all but five of Plaintiffs' waiver requests.[3] Plaintiffs now seek review of the denials. FEMA submits that the Court lacks authority to review its waiver decisions.

## II.

Plaintiffs argue that the Court has authority to review FEMA's waiver decisions under two theories. First, they cite 42 U.S.C. § 4072, which states in relevant part:

> [T]he Director [Administrator of FEMA] shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Director of any such claim ... the claimant ... may institute an action against the Director on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

42 U.S.C. § 4072 (2006). Plaintiffs submit that a waiver request constitutes a "claim" for purposes of section 4072 and therefore the Court has the authority to review FEMA's denials of waivers as well as denials of claims of loss on the merits. Alternatively, say Plaintiffs, even if review is not authorized by section 4072, it is authorized under the Administrative Procedure Act, 5 U.S.C. § 702, which provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within

---

**2.** The criteria included: the severity of the damages caused by flood; whether the damage required an expert to evaluate the extent of structural damages caused by flood; whether the damage required a Certified Public Accountant to review the stock and inventory; whether salvage is involved and if the adjuster must either sell it back to the insured or dispose of it, which would further delay the adjustment process; whether the insured experienced difficulty listing all items damaged by flood due to the extent of personal property inventory involved; whether there were settlement disputes which may have caused delay in finalizing the claim adjustments; whether the insured required additional time due to health conditions (*i.e.*, hospitalization) and required a family member's assistance in the presentation of their claim; whether the claim involved prior losses and the insured was required to document repairs to the structure and replacement of personal properly prior to the recent flood loss; and whether the insured demonstrates that there is additional covered damage for which a supplemental payment is appropriate. Suzanne E. Woods Decl. ¶ 6 (June 21, 2007).

**3.** FEMA offered to grant limited waivers to five individuals but conditioned that offer on the individuals' acceptance of a specified amount of supplemental damages. *See* Letters ## 20 (Allen Godlewski), 33 (Joanne Kraft), 41 (Thomas Moffett), 53 (Patricia Sligh) and 56 (James Thaden). These requests for waivers were otherwise denied.

the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702 (2006).

Defendants dispute that the Court has authority to review FEMA's waiver decisions under either theory. As to section 4072, they argue that a "claim" can only mean a timely filed proof of loss for covered losses, not a request for waiver of the time to file the claim. While the statute does not define the term "claim," Defendants say, the ordinary meaning of "claim" is to assert a right. A request for waiver does not assert a right; it acknowledges that no right exists and seeks leave to assert a right. As to the Administrative Procedure Act, Defendants contend that it is inapplicable because Plaintiffs already have an adequate remedy in section 4072. Defendants also submit that the Act does not apply because FEMA's decision to deny the waiver requests is discretionary and the Court lacks a meaningful standard against which to judge its decision. *See Inova Alexandria Hosp. v. Shalala,* 244 F.3d 342, 346 (4th Cir.2001).

### III.

■ When interpreting the language of an NFIP provision, the court is obliged to apply unambiguous language. *Studio Frames, Ltd. v. Std. Fire Ins. Co.,* 483 F.3d 239, 245 (4th Cir.2007). If, however, the language is "susceptible to different constructions," the court must adopt the construction most favorable to the insured. *Id.* To decide whether statutory language is plain or ambiguous, the court "look[s] to the 'language itself, the specific context in which that language is used, and the broader context of the statute as a whole.'" *Id.* at 249 (quoting *Robinson v. Shell Oil Co.,* 519 U.S. 337, 341, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997)). "When examining statutory language, [a court] generally give[s] words their ordinary, con-

temporary, and common meaning." *Scott v. United States,* 328 F.3d 132, 139 (4th Cir.2003) (citations omitted).

### IV.

■ The Court agrees with Plaintiff's that it possesses authority to review the waiver decisions pursuant to 42 U.S.C. § 4072. That section authorizes judicial review of "any claims for proved and approved losses covered by flood insurance" that the Director disallows. 42 U.S.C. § 4072 (2006). Defendants concede that section 4072 is a limited waiver of sovereign immunity that applies "with respect to circumstances involving the denial of a claim submitted pursuant to a federally-issued SFIP." *Gumpert v. Allstate Ins. Co.,* No. Civ. A. 97–1531, 1997 WL 538003, at *3 (E.D.La. Aug. 26, 1997); *see also Wiedemann v. Harleysville Mut. Ins.,* Civ. A. No. 06–4723, 2006 WL 3462926, at *1 (E.D.La. Nov. 28, 2006).

The key question is whether a request for a waiver of a proof of loss deadline to submit a claim for payment of the loss is itself a "claim." The Court believes it is.

The term "claim" is not defined by section 4072. Is it nonetheless "unambiguous"? The Court concludes that it is not, or stating the proposition directly, that the word "claim" is ambiguous. *Black's Law Dictionary* 247 (6th Ed.1990), for instance, defines a claim *inter alia* as a "[m]eans by or through which claimant obtains possession or enjoyment of privilege or thing." In that sense, one makes a "claim" for possession or enjoyment of a waiver of a proof of loss deadline as much as a claim for the loss itself. *Black's,* it is true, also defines "claim" as a "[d]emand for money or property as of right, *e.g.,* insurance claim." *Id.* In that sense, a request to have a demand considered by having the period for considering the demand extended can perhaps be distinguished from the

presentation of the demand itself. But the critical point is that the statute is silent as to the meaning of "claim," as is the standard NFIP policy, and construing, as it must, the ambiguity favorably to the insured, the Court concludes that it may review denials of the waiver requests. *Holmes' Appleman on Insurance 2d*, discussing the law of liability insurance, is instructive. Although the treatise is primarily concerned with defining "claim" for purposes of determining when a claim is first made under a liability policy, what it says about the clarity or lack of clarity of the undefined term "claim" is spot-on in the present case:

> the policy's definition of a "claim" is of crucial importance. Surprisingly, not every claims made liability insurance policy defines the term "claim." More surprising is the idea that without defining claim—the most significant word in a claims made policy—the insurance company, arguably, is not only inviting litigation but also inviting apt advocacy that claim sans definition is ambiguous. And anyone acquainted with insurance law knows the bedrock insurance rule of "contra proferentem" (sometimes called "contra-insurer"), which courts will use to judicially construe the word "claim" against the insurer as policy drafter who created the ambiguity. The Supreme Court of New Hampshire applied "contra proferentem" to a claims made policy that provided no definition or meaning for the word "claim."

Eric Mills Holmes, *Holmes' Appleman on Insurance* § 130.2 (2d ed.2002); *see Shaheen, Cappiello, Stein & Gordon, P.A. v. Home Ins. Co.*, 143 N.H. 35, 719 A.2d 562, 566–67 (1998) (interpreting policy in favor of insured where "claim" was not defined); *Walker v. Larson*, 223 Mont. 333, 727 P.2d 1321, 1323 (1986) (where word "claim" was not defined in policy, it was "sufficiently ambiguous to spring the rule which re-

quires the ambiguity be construed against the insurer").

The Court holds that a request for waiver of a proof of loss deadline is a "claim" and, as such, is reviewable by a federal district court.

## V.

█ Having determined that it has authority to review FEMA's denials of waivers of the proof of loss deadlines in this case, by what standard does the Court review the denials? Since section 4072 does not indicate that the Court's review should be *de novo*, the Court accepts the basic standard of the Administrative Procedure Act that the denials not be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A) (2006); *see Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 413–14, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971) (overruled on other grounds by *Califano v. Sanders*, 430 U.S. 99, 105, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977)) (holding that agency action must be set aside if it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law). Against this standard, how do the denials of waiver measure up?

The denial letters sent to Plaintiffs, all signed by the Federal Insurance Administrator of the NFIP, and all dated variously between July and August 2008, are not, strictly speaking, limited to finding no reasonable explanation for the insured's delay in submitting a timely proof of loss. Typically, the letters also discuss the lack of merit of the claim, *e.g.*, the policy for which the insured sought coverage was cancelled before the flood damage occurred, the policy limits were paid, or repairs to the type of building damaged (*e.g.*, a duplex) were not covered. But then, almost uniformly, the Administrator's letters end by denying

the "request for a waiver of the time period within which to file a POL [proof of loss]."[4]

The implication of the letters certainly seems to be that, if the late-filed claim had been deemed meritorious, the loss period would have been extended and the loss allowed. Indeed, that is very much in accord with FEMA's criteria for granting waivers of the lime for filing, first articulated by Suzanne Woods in response to this Court's inquiry in 2007.

█ But therein lies the problem—FEMA was disposed to grant waivers, but that fact was not publicly known, much less were the criteria for obtaining waivers. When individual insureds, including all the Plaintiffs here, claim they were not aware that waivers were obtainable or on what grounds, their position rings entirely true. FEMA gave them absolutely no reason to know otherwise. It is no answer for FEMA to insist that it possessed "discretion" to grant waivers.[5] Its failure to disclose that waivers were even available or on what grounds was arbitrary and capricious and, in any case, constituted an abuse of discretion.

The Court therefore finds as a matter of law that all proofs of loss filed by Plaintiffs in this case must be deemed timely Bled.[6] That said, the next question is how the proofs of loss must be evaluated.

## VI.

Had FEMA simply denied Plaintiffs' requests for waiver on the grounds that they were filed beyond the officially declared deadlines without making findings on the merits of the claims, judicial review on the merits would have been difficult. *See Citizens to Pres. Overton Park*, 401 U.S. at 417, 91 S.Ct. 814. Although findings may be required in cases where the agency action is ambiguous, there is no such ambiguity in this case. *See id.* As indicated, FEMA—no doubt in an effort to be especially accommodating to the insureds—went beyond responding to the waiver requests and addressed virtually all of Plaintiffs' claims on their merits. That being so, there appears to be a factual record upon which to review those claims.

█ What, then, is the proper standard of review? Lacking a specific statutory standard, the Court again looks to the Administrative Procedure Act, which provides that an agency's factual decisions cannot be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. *See* 5 U.S.C. § 706(2)(A) (2006); *Indiana Bell Tel. Co. v. McCarty*, 362 F.3d 378, 385 (7th Cir.2004) (holding that agency's decisions with regard to questions of fact are reviewed by the district court under the arbitrary and capricious standard). Under this standard, the court must uphold the agency decision if it was based on a fair consideration of the

---

4. The letters to James Folderauer, John and Lydia Helmer, Arley Horne, Patricia Jasinski, Joel Kelley, Monica McCall, John and Frances Schmidt, Edward and Tammy Schwartz, and Fred Staigerwald instead state that "the Insurance Examiner found no basis to set aside the original findings." *See* Letter ## 17, 25, 27, 28, 31, 38, 49, 50 and 54. As noted above, FEMA also offered to grant limited waivers to five individuals. *See* Letter ## 20 (Allen Godlewski), 33 (Joanne Kraft), 41 (Thomas Moffett), 53 (Patricia Sligh) and 56 (James Thaden).

5. FEMA contends that the Court cannot review its discretionary decisions. However, inasmuch as proof of loss deadline waiver requests are "claims," they are subject to judicial review pursuant to 42 U.S.C. § 4072. *See supra* pp. 5–7 at IV.

6. This is not to say that hereafter, apart from the claims in this case, late-filed claims for waiver of the time to file proof of loss must be deemed timely filed.

relevant factors and there has been no clear error of judgment. *Cent. Elec. Power Coop. v. Se. Power Admin.,* 338 F.3d 333, 337 (4th Cir.2003) (citing *Citizens to Pres. Overton Park, Inc.,* 401 U.S. at 416, 91 S.Ct. 814). The ultimate standard of review is a narrow one. *Id.* Although the inquiry into the facts must be searching and careful, the court is not empowered simply to substitute its judgment for that of the agency. *Id.*

Against this background, the Court, in the near future, will make a proposal to the parties regarding the expeditious determination of Plaintiffs' claims in light of Defendants' pending Motions for Summary Judgment.