JUSTICE WEBER
delivered the Opinion of the Court.
Plaintiff Cindy Juedeman, mother of Erich Burkstrand, brought suit individually, and as conservator of the estate of Erich Burkstrand against National Farmers Union Property and Casualty Company (Farmers Union) for bad faith under § 33-18-201, which prohibits unfair claims settlement practices. The Eighth Judicial District Court, Cascade County granted summary judgment in favor of the defendant, Farmers Union. Plaintiff appeals. We affirm.
The issues on appeal are restated as follows:
1. Did the District Court properly grant defendant’s motion for summary judgment on plaintiff’s claim of “leveraging” in violation of § 33-18-201(13), MCA?
2. Did the District Court properly grant defendant’s motion for *280 summary judgment on plaintiffs claim for failure to settle in violation of § 33-18-201(6), MCA?
At age eleven, Erich Burkstrand, passenger in a truck involved in a one vehicle accident, was severely injured. The vehicle was driven by Robert Bennyhoff, deceased. Bennyhoff was insured by Farmers Union which provided liability coverage of $100,000 bodily injury per person and $300,000 per occurrence. Farmers Union does not dispute that Burkstrand’s bodily injury claim exceeded the $100,000 maximum amount payable under the policy.
I
Did the District Court properly grant defendant’s motion for summary judgment on plaintiff’s claim of “leveraging” in violation of § 33-18-201(13), MCA?
Plaintiff contends Farmers Union engaged in unfair claims settlement practices by conditioning its $100,000 settlement offer for Erich Burkstrand’s bodily injury claim upon Juedeman’s agreement to release Bennyhoff’s estate from a future claim of loss of consortium. Plaintiff contends this is leveraging and is prohibited under § 33-18-201(13), MCA, which provides:
No person may, with such frequency as to indicate a general business practice, do any of the following:
(13) Fail to promptly settle claims, if liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage....
Under Rule 56(c), M.R.Civ.P, summary judgment is appropriate where there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Here, we conclude that the trial court properly granted summary judgment in favor of Farmers Union.
Juedeman presented no factual basis supporting her contention that Farmers Union engaged in leveraging. On the contrary, the record shows that Farmers Union was willing to settle for the maximum amount of policy coverage in exchange for a release of all claims which fell under that bodily injury coverage. Since the trial court previously declared that Juedeman’s loss of consortium claim arose out of Erich’s loss, her claim was limited to Erich’s $100,000 bodily injury coverage. While plaintiff does not contest this declaratory *281 ruling, she insists Farmers Union violated § 33-18-201(13), MCA, by conditioning payment of Erich’s bodily injury upon a release of Juedeman’s individual claim for loss of consortium.
We disagree with plaintiff’s interpretation. Leveraging under § 33-18-201(13), MCA, requires an insurer’s manipulation of two coverages. The insurer must withhold prompt settlement of a reasonably clear liability claim under one coverage, in order to influence a claim arising out of another coverage. Here, Erich’s bodily injury claim and Juedeman’s claim for loss of consortium fall within the same policy coverage. Here, Farmers Union offered to settle both claims falling under that coverage for the maximum amount allowed under the policy. Thus, we hold the court properly found that Farmers Union did not violate § 33-18-201(13), MCA, and properly granted defendant’s motion for summary judgment.
II
Did the District Court properly grant defendant’s motion for summary judgment on plaintiff’s claim for failure to settle in violation of § 33-18-201(6), MCA?
Next, plaintiff contends Farmers Union failed to make a good faith attempt to effectuate a prompt fair settlement by insisting Juedeman release Bennyhoff’s estate. Section 33-18-201(6), MCA. provides:
No person may, with such frequency as to indicate a general business practice, do any of the following:
(6) Neglect to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear....
In this case, plaintiff refused to release Bennyhoff’s estate from liability in return for payment of the policy limits. In a letter dated July 16,1984, plaintiff’s attorney Richard Bottomly stated: ‘We have steadfastly refused to give a full release to any parties in exchange for the payment to Burkstrand, and we will not now do so.” This letter demonstrates plaintiff’s unwillingness to settle.
In substance, this Court has held that without an agreement to release, there is no offer for settlement. Thompson v. State Farm Mutual Automobile Ins. Co. (1973), 161 Mont. 207, 219-220, 505 P.2d 423, 430. Here, the plaintiff’s conduct prevented Farmers Union from effectuating a prompt, fair and equitable settlement.
Finally, this Court has previously rejected a claim of insurance bad faith where the plaintiff’s conduct caused the delay in payment. *282 Spadaro v. Midland Claims, Inc. (1987), 227 Mont. 445, 451, 453, 740 P.2d 1105, 1109, 1110. Similarly, here, Juedeman’s refusal to release Bennyhoff’s estate delayed the insurer’s payment of claims owing to Erich. Accordingly, the plaintiff has no bad faith claim against Farmers Union.
We hold Farmers Union did not violate § 33-18-201(6), MCA, and the trial court properly granted defendant’s motion for summary judgment.
Affirm.
CHIEF JUSTICE TURNAGE, JUSTICES HARRISON, GRAY and McDonough concur.