JUSTICE COTTER
delivered the Opinion of the Court.
¶1 Appellants Roxy Shilhanek, Timothy Shilhanek, Corey Shilhanek and Ryan Shilhanek (the Shilhaneks) filed a complaint against Respondents Krzysztof Ceklarz, Adam Cwikla and D-2 Trucking, Inc. (D-2), in the Thirteenth Judicial District Court, Yellowstone County. Respondent Canal Insurance Company (Canal), intervened in the case. The Shilhaneks filed a cross-claim against Canal, alleging that Canal had violated the Montana Unfair Trade Practices Act (UTPA). Canal filed a motion for summary judgment, which was denied by the District Court. Canal then filed a second motion for summary judgment, which the District Court granted. The Shilhaneks appeal. We affirm in part and reverse in part.
¶2 We restate the issues on appeal as follows:
¶3 1. Did the District Court err when it determined that Canal did not have a duty in 1997 or 1998 to pay the Shilhaneks’ undisputed medical expenses until it obtained a release for its insureds?
¶4 2. Did Canal act in bad faith when it conditioned its payment of policy limits on the Shilhaneks providing it with a release of all claims against its insureds?
¶5 3. Did the District Court err when it granted Canal’s motion for summary judgment with respect to the Shilhaneks’ claim that Canal violated § 33-18-201(4), MCA (1997)?
*522 FACTUAL AND PROCEDURAL BACKGROUND
¶6 On May 4, 1997, Roxy Shilhanek and her son, Corey Shilhanek, were involved in a motor vehicle accident in Billings, Montana. The accident occurred when a truck driven by Ceklarz collided with Roxy’s vehicle. The truck was owned by Cwikla and D-2. The Shilhaneks brought a lawsuit against Ceklarz, Cwikla, and D-2 on August 11, 1997. The case proceeded to trial, and a jury awarded the Shilhaneks compensatory and punitive damages on July 24, 1998.
¶7 Following the jury’s verdict, several post-trial motions were filed. On February 1, 1999, Canal, the liability insurer for D-2, Cwikla and Ceklarz, filed a motion to intervene in the case for the limited purpose of challenging one of the District Court’s orders regarding a post-trial motion. On February 17, 1999, the District Court granted Canal’s motion to intervene; however, it declared that Canal would be treated as a full party to the action. The Shilhaneks subsequently filed a cross-claim against Canal on February 19, 1999, alleging that Canal had violated the UTPA. Canal then appealed the District Court’s decision to declare it a full party to the action. We affirmed the District Court with regard to this issue on January 20, 2000. See Shilhanek v. D-2 Trucking, Inc., 2000 MT 16, ¶¶ 44-48, 298 Mont. 101, ¶¶ 44-48, 994 P.2d 1105, ¶¶ 44-48.
¶8 On March 1, 2000, Canal filed a motion for summary judgment, alleging that its actions were not in violation of any portion of the UTPA. The District Court denied Canal’s motion on June 26,2000. On July 16, 2001, Canal filed a second motion for summary judgment, which was similar in content to its original summary judgment motion. Canal’s second motion requested that the District Court revisit its claims in light of discovery that had occurred in the case. The District Court granted Canal’s second motion for summary judgment on August 28, 2001. This appeals follows.
STANDARD OF REVIEW
¶9 Our review of a district court’s grant or denial of a motion for summary judgment is de novo. Hickey v. Baker School Dist. No. 12, 2002 MT 322, ¶ 12, 313 Mont. 162, ¶ 12, 60 P.3d 966, ¶ 12. Therefore, we apply the same Rule 56, M.R.Civ.P, criteria as applied by the district court. Hickey, ¶ 12. Pursuant to Rule 56, M.R.Civ.P.:
The movant must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist. Having *523 determined that genuine issues of fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. We review the legal determinations made by a district court as to whether the court erred.
Hickey, ¶ 12.
DISCUSSION
¶10 The District Court’s resolution of the Shilhaneks’ cross-claim left some issues unresolved. Accordingly, we have restated the issues to address the unresolved questions.
ISSUE 1
¶11 Did the District Court err when it determined that Canal did not have a duty in 1997 or 1998 to pay the Shilhaneks’ undisputed medical expenses until it obtained a release for its insureds?
¶12 Canal offered to settle the Shilhaneks’ claims against D-2, Cwikla and Ceklarz (hereinafter Canal’s insureds) on February 27, 1998. Canal’s offer provided that it would pay the Shilhaneks the policy limit of $1,000,000, in exchange for a full release of all claims against its insureds. The Shilhaneks refused to provide such a release. The case then proceeded to trial, and the Shilhaneks were awarded damages in excess of $3,000,000.
¶13 The Shilhaneks subsequently filed a cross-claim against Canal, asserting, inter alia, that Canal’s refusal to pay their undisputed medical expenses without a release violated subsections (6) and (13) of § 33-18-201, MCA (1997). Section 33-18-201, MCA (1997), provides, in pertinent part:
No person may, with such frequency as to indicate a general business practice, do any of the following:
(6) neglect to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear!.]
(13) fail to promptly settle claims, if liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage!.]
¶14 Our holding in Ridley v. Guaranty Nat. Ins. Co. (1997), 286 Mont. 325, 951 P.2d 987, is dispositive of this issue. In Ridley, Keith Ridley was a passenger in a vehicle that was involved in a collision. The driver of the other vehicle was insured by Guaranty National *524 Insurance Company. Ridley, 286 Mont. at 327-28, 951 P.2d at 988. Guaranty admitted that its insured had the majority of fault for the accident; however, it refused to pay for Ridley’s ongoing medical expenses. Ridley brought a declaratory action, requesting that the District Court determine that pursuant to § 33-18-201, MCA, Guaranty had an obligation to pay medical expenses when liability was reasonably clear, regardless of whether a final settlement had been agreed upon. The District Court declined to grant Ridley the requested relief, and Ridley appealed. Ridley, 286 Mont. at 328, 951 P.2d at 989.
¶15 This Court analyzed Ridley’s claim in the context of § 33-18-201, MCA, and noted that the purpose of § 33-18-201, MCA, is to assure prompt payment of damages for which an insurer is clearly obligated. Ridley, 286 Mont. at 335, 951 P.2d at 993. Accordingly, we held that subsections (6) and (13) of § 33-18-201, MCA, require an insurer to pay an injured third party’s medical expenses before final settlement when liability is reasonably clear. Ridley, 286 Mont. at 334, 951 P.2d at 992. Therefore, we reversed the order of the District Court and entered declaratory judgment in favor of Ridley. Ridley, 286 Mont. at 338, 951 P.2d at 994-95.
¶16 Pursuant to Ridley, insurers are obligated to pay an injured third party’s medical expenses prior to final settlement when liability for such expenses is reasonably clear. Ridley was decided on December 24, 1997. Consequently, Canal’s obligation under Ridley arose on December 24, 1997. Canal does not contest the fact that its insureds are liable for the Shilhaneks’ injuries. Therefore, we hold that Canal had a duty to pay the Shilhaneks’ undisputed medical expenses, up to the limits of its coverage, without the benefit of a settlement agreement, after December 24, 1997.
¶17 As an alternative argument, Canal maintains that if our holding in Ridley imposed on it the obligation to pay the Shilhaneks’ undisputed medical expenses before final settlement, such obligation was limited to the mandatory minimum coverage required by the Motor Vehicle Safety-Responsibility Act (MVRA). Section 61-6-103(2)(b)(i)-(iii), MCA (1997), a provision of the MVRA, provides that all owners and operators of motor vehicles must carry mandatory liability insurance, in the minimum amount of: (1) $25,000 because of bodily injury to or death of one person in any one accident; (2) $50,000 because of bodily injury to or death of two or more persons in any one accident; and (3) $10,000 because of injury to or destruction of property of others in any one accident.
¶18 This Court addressed the nexus between § 33-18-201, MCA, and *525 § 61-6-103(2), MCA, in Watters v. Guaranty Nat. Ins. Co., 2000 MT 150, 300 Mont. 91, 3 P.3d 626. The plaintiffs in Watters were injured when their vehicle was involved in a collision with another vehicle. The driver of the other vehicle was insured by Guaranty National Insurance Company for the minimum amount of coverage required by § 61-6-103(2), MCA. Guaranty investigated the accident and determined that its insured was at fault for the collision, and that the plaintiffs were entitled to recover the policy limits of $50,000. Watters, ¶¶ 5-6. Guaranty refused to tender policy limits, however, until the plaintiffs provided Guaranty with a full and final release of all claims. Watters, ¶ 12. The plaintiffs subsequently rejected Guaranty’s offer, and alleged that Guaranty’s actions violated § 33-18-201, MCA. Watters, ¶ 13.
¶19 On appeal, we determined that:
[W]here an insured’s liability for damages caused to a third party in an auto accident is reasonably clear, and those damages undisputedly exceed the mandatory limits set forth under § 61-6-103(2), MCA, it is an unfair trade practice per se under § 33-18-201, MCA, for an insurer to condition the payment of the owed mandatory minimum policy limits on the third party’s agreement to provide a full and final release of all liability in favor of an insured.
Watters, ¶ 61.
¶20 However, we also noted that “our decision [in Watters] does not affect excess coverage that an insured chooses to carry ....” Watters, ¶ 63. Accordingly, Canal argues that Watters left open the question of whether an insurer’s obligation under Ridley is limited to the minimum amount of coverage required by § 61-6-103(2), MCA. Given the facts of the instant case, we now answer this question.
¶21 Our holding in Ridley regarding § 33-18-201, MCA, of the UTPA, is not circumscribed by the requirements of § 61-6-103(2), MCA, of the MVRA. Thus, to interpret Ridley as applying only to medical expenses which are within the mandatory minimums required by the MVRA, is to interpret Ridley too narrowly. We further note that the UTPA itself contains no reference to the MVRA. That is, the UTPA, which was enacted to regulate trade practices in the business of insurance, contains no language indicating that it is limited by the MVRA, which lists the responsibilities of vehicle owners and users. Consequently, we conclude that an insurer’s obligation to pay an injured third party’s undisputed medical expenses before final settlement is not limited to the minimum coverage required by § 61-6-103(2), MCA, of the MVRA. *526 We further conclude that to the extent that there is language in Watters which might be read to imply that an insurer’s obligation under Ridley is limited to the minimum coverage required by the MVRA, that language is overruled.
¶22 In summary, we hold that Canal had a duty to pay the Shilhaneks’ undisputed medical expenses, up to the limits of its coverage and without the benefit of a settlement agreement, after December 24, 1997. As such, we reverse the District Court’s grant of summary judgment to Canal with respect to this issue.
ISSUE 2
¶23 Did Canal act in bad faith when it conditioned its payment of policy limits on the Shilhaneks providing it with a release of all claims against its insureds?
¶24 The Shilhaneks’ cross-claim also alleged that Canal’s refusal to tender policy limits without a release violated subsection (6) of § 33-18-201, MCA (1997). Section 33-18-201, MCA (1997), provides, in pertinent part:
No person may, with such frequency as to indicate a general business practice, do any of the following:
(6) neglect to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear[.]
¶25 The District Court considered the Shilhaneks’ claim and determined that, pursuant to our holding in Juedeman v. National Farmers Union (1992), 253 Mont. 278, 833 P.2d 191, Canal was not in violation of § 33-18-201(6), MCA (1997). The District Court relied on the following language from Juedeman:
In this case, plaintiff refused to release [the insureds] from liability in return for payment of the policy limits.... This Court has held that without an agreement to release, there is no offer for settlement. Thompson v. State Farm Mutual Automobile Ins. Co. (1973), 161 Mont. 207, 219-220, 505 P.2d 423, 430. Here, the plaintiffs conduct prevented [the insurer] from effectuating a prompt, fair and equitable settlement.... Accordingly, the plaintiff has no bad faith claim against [the insurer],
Juedeman, 253 Mont. at 281, 833 P.2d at 193. The District Court concluded that because Juedeman held that it was permissible for an insurer to condition settlement upon obtaining a release of claims against its insured, Canal had not acted in bad faith, as contemplated in § 33-18-201(6), MCA (1997).
*527 ¶26 Juedeman was the applicable law regarding this issue until Ridley was decided on December 24, 1997. As we noted above, Ridley held that an insurer was required to pay an injured third party1 s medical expenses before final settlement when liability is reasonably clear. Ridley, 286 Mont. at 334, 951 P.2d at 992. What Ridley declined to address, however, was the payment of other types of expenses. This Court later addressed such other expenses in Watters, as:
[Wjhere an insured’s liability for damages caused to a third party in an auto accident is reasonably clear, and those damages undisputedly exceed the mandatory limits set forth under § 61-6-103(2), MCA, it is an unfair trade practice per se under § 33-18-201, MCA, for an insurer to condition the payment of the owed mandatory minimum policy limits on the third party’s agreement to provide a full and final release of all liability in favor of an insured.
Watters, ¶ 61 (emphasis added).
¶27 The above holding from Watters expanded the requirements of Ridley, providing that it was a violation of § 33-18-201, MCA, for an insurer to condition the payment of owed mandatory minimum policy limits on a third party’s agreement to provide a full and final release of all liability against an insured. Watters, ¶ 61. Thus, Canal’s offer of settlement, which provided that it would not pay policy limits unless the Shilhaneks provided it with a full and final release of all claims against its insured, violated § 33-18-201, MCA. However, Watters was decided on June 6, 2000. Canal made its offer of settlement to the Shilhaneks on February 27, 1998. Accordingly, Canal has raised a defense under § 33-18-242(5), MCA (1997).
¶28 Section 33-18-242, MCA (1997), provides, in pertinent part:
(1) An insured or a third-party claimant has an independent cause of action against an insurer for actual damages caused by the insurer’s violation of subsection (1), (4), (5), (6), (9), or (13) of 33-18-201.
(5) An insurer may not be held liable under this section if the insurer had a reasonable basis in law or in fact for contesting the claim or the amount of the claim, whichever is in issue.
¶29 We addressed § 33-18-242(5), MCA, in Watters, when the insurer, relying on Juedeman, also refused to tender policy limits in the absence of a release of all claims against its insured. The plaintiffs in Watters responded by asserting that the insurer’s actions violated § 33-18-201(6), MCA. On áppeal, we concluded that the insurer had a *528 defense to the plaintiffs’ claim under § 33-18-242(5), MCA, as:
[A]t the time this dispute arose, Juedeman was the lone precedent from Montana case law upon which [the insurer] could rely under the circumstances.... We must therefore conclude that a plain reading of the available case law at the time gave [the insurer] a reasonable basis in law upon which it could deny payment of policy limits. That is, Juedeman was legally conclusive to the extent there was simply no other authority in Montana at the time suggesting that in order to effectuate a prompt, fair, and equitable settlement of a third-party claim in good faith, an insurer must, under certain circumstances, pay policy limits without a full and final release for its insured.
Watters, ¶¶ 71-72.
¶30 In this case, Canal made its offer of settlement to the Shilhaneks over two years before Watters was decided. Consequently, like the insurer in Watters, Canal had an arguably reasonable basis in law for asserting that it was entitled to condition its payment of policy limits on the Shilhaneks providing it with a release of all claims against its insureds. Therefore, pursuant to § 33-18-242(5), MCA (1997), we conclude that Canal cannot be held liable for acting in bad faith in violation of § 33-18-201(6), MCA (1997).
¶31 In light of our above conclusion, we hold that Canal did not violate § 33-18-201(6), MCA (1997), when it attempted to condition its payment of policy limits on the Shilhaneks providing it with a release of all claims against its insureds. Accordingly, we affirm the District Court’s grant of summary judgment to Canal with respect to this issue.
¶32 Further, so as to fully and finally clarify the law in this regard, we hereby hold that Juedeman, which was overruled in part by both Ridley and Watters, is overruled in its entirety. We further hold that nothing in the UTPA requires a general release of the insured or the insurer as a condition to a § 33-18-201(6) or (13), MCA, settlement.
ISSUE 3
¶33 Did the District Court err when it granted Canal’s motion for summary judgment with respect to the Shilhaneks’ claim that Canal violated § 33-18-201(4), MCA (1997)?
¶34 The Shilhaneks maintain that on the date of the accident, Officer Gary McVay of the Billings Police Department completed a thorough investigation of the collision and determined that Ceklarz was entirely at fault. The Shilhaneks further allege that neither Canal nor its employees ever contacted Officer McVay to obtain the results of his *529 investigation. Finally, the Shilhaneks contend that although they repeatedly provided Canal with medical documentation regarding Roxy and Corey’s injuries, Canal refused to make advance payments to the Shilhaneks to cover their medical expenses. Consequently, the Shilhaneks assert that Canal’s conduct was in violation of § 33-18-201(4), MCA (1997), which provides:
No person may, with such frequency as to indicate a general business practice, do any of the following:
(4) refuse to pay claims without conducting a reasonable investigation based upon all available information[.]
¶35 The District Court examined the Shilhaneks’ claim and determined that Canal had attempted to discover the amount of the Shilhaneks’ outstanding medical expenses. The District Court further determined that although the Shilhaneks failed to provide Canal with information regarding their outstanding medical expenses, Canal forwarded a check in the amount of $5,000 to the Shilhaneks to cover outstanding medical expenses, which the Shilhaneks rejected. Accordingly, the District Court concluded that Canal had not violated § 33-18-201(4), MCA (1997), and granted Canal’s motion for summary judgment with regard to this issue.
¶36 We note however, that the District Court neglected to address the Shilhaneks’ contention that Canal declined payment without first conducting a reasonable investigation. Summary judgment is proper only where there is no genuine issue as to any material fact. Rule 56(c), M.R.Civ.P. The party moving for summary judgment has the burden of establishing that no genuine issue of fact exists, and only when that burden is met does the burden shift to the opposing party to show that there is a genuine issue as to some material fact. Walker v. St. Paul Fire & Marine Ins. (1990), 241 Mont. 256, 258, 786 P.2d 1157,1159.
¶37 We conclude that Canal did not meet its burden in the instant case. That is, the record before the District Court illuminated several material facts in dispute between the parties regarding Canal’s potential violation of § 33-18-201(4), MCA (1997), including Canal’s failure to obtain Officer McVay’s police report. Therefore, we conclude that this issue was not properly resolved with summary judgment. Accordingly, we reverse the District Court’s grant of summary judgment to Canal with respect to this issue, and remand this issue to the District Court for trial on the merits of the Shilhaneks’ claim.
¶38 For the foregoing reasons, the judgment of the District Court is affirmed in part, reversed in part, and remanded for proceedings *530 consistent with this Opinion.
JUSTICE RICE and DISTRICT JUDGE McNEIL, sitting for JUSTICE REGNIER concur.