JUSTICE TRIEWEILER
concurring and dissenting.
¶45 I join the majority’s resolution of issues 1 and 3.
¶46 I concur with the majority’s conclusions that following our decision in Ridley v. Guaranty Nat. Ins. Co. (1997), 286 Mont. 325, 951 P.2d 987, the Defendant, Canal Insurance Company had a duty to pay the Plaintiffs their undisputed medical expenses without the benefit of a release for its insureds. I also concur with the majority’s conclusions that Canal’s obligation arose from §§ 33-18-201(6) and (13), MCA (1997), and was independent of any obligation established by the Motor Vehicle Safety-Responsibility Act; to the extent it is inconsistent, our decision in Watters v. Guaranty Nat. Ins. Co., 2000 MT 150, 300 Mont. 91, 3 P.3d 626, should be reversed; and, that our decision in Juedeman v. National Farmers Union (1992), 253 Mont. 278, 833 P.2d 191, should be reversed in its entirety. Finally, I concur with the Court’s conclusion that the District Court erred when it granted summary judgment with respect to the Plaintiffs’ claim that Canal breached its duty to conduct a reasonable investigation pursuant to § 33-18-201(4), MCA (1997).
¶47 However, I dissent from the majority’s conclusion that Canal had a reasonable basis in law or fact for contesting the Shilhaneks’ claim even after our decision in Ridley. To the extent that the Watters decision suggests otherwise, that was not my intent when I joined it.
¶48 In analyzing the issues presented in this case, it is important to keep in mind that the insurer’s obligation to pay claims for which liability is reasonably clear does not originate with Ridley. The source of the obligation is § 33-18-201(6), MCA. (Part of what is known as the Unfair Claims Practices Act.) All this Court did in Ridley is interpret the word “settlements” as used in that section. Ridley was not based on the nature of damages being claimed, nor the amount of liability insurance available, nor the Motor Vehicle Safety-Responsibility Act which is found at Title 61, Chapter 6, and pertains to an entirely different subject. (The minimum amount and types of liability insurance that motor vehicle owners and operators are required to carry.) All we held in Ridley is that “settlements” as used in § 33-18-201(6), MCA, do not require a release.
¶49 The question then, following Ridley, is whether §§ 33-18-201(6) or *533 (13), MCA, by themselves provide any basis for limiting the insurer’s obligation to a specific type of claim or to claims against insureds who have only mandatory minimum amounts of liability insurance coverage. The simple answer is that there is no such language in the statute. Insurers have tried to add that language on a case-by-case basis.
¶50 We have had to repeatedly deal with this issue not only in the cases cited by the majority, but in DuBray v. Farmers Ins. Exchange, 2001 MT 251, 307 Mont. 134, 36 P.3d 897. In that case, the insurer contended that Ridley applied only to medical bills. We held otherwise. We had to deal with the issue in Watters because the insurance company argued that § 33-18-201(6), MCA, should not apply where the settlement would exhaust policy limits. We discussed the obligation in terms of the mandatory liability coverage statute because that is the context in which it was presented to us. However, both of these arguments were far fetched and in no way justified by the language of §§ 33-18-201(6) or (13), MCA. The statute, itself, simply places no limit on an insurer’s obligation. The only limits are whether there is a reasonable dispute about the amount of damage or liability and the terms of the insurer’s policy with its insured.
¶51 In this case, Canal argues that it had a right to rely on Juedeman because the portion of that decision which conditioned an insurer’s obligation to pay on a settlement agreement was not reversed by Ridley. The simple answer is that there is no actual discussion of § 33-18-201, MCA, in that case which could have been analyzed or reversed. The Court simply held in Juedeman, 253 Mont. at 281, 833 P.2d at 193, based on the facts that the “plaintiffs conduct prevented Farmers Union from effectuating a prompt, fair and equitable settlement.” There is no discussion in that case of what “settlement” meant or how the Court otherwise arrived at its conclusion. In Ridley, we explained for the first time what “settlements” means in the context of § 33-18-201(6), MCA.
¶52 The reason Watters was limited to the Motor Vehicle Safety-Responsibility Act is simple. In that Opinion, we stated:
As argued by both parties, this issue must first be properly cast within the framework of Montana’s Motor Vehicle Safety-Responsibility Act.
Watters, ¶ 28.
¶53 The parties in Watters apparently chose to limit their arguments to policies provided in satisfaction of the Motor Vehicle Safety-Responsibility Act because that is the policy that was at issue in *534 Watters and because of the bolstering language used in Ridley which listed the act as another example of the legislature’s intent that innocent third-party victims be protected. However, there is nothing in the rationale of the Watters decision for limiting its application to cases involving mandatory minimum liability coverage. We rejected the argument that a full and final release was required before the obligation to pay arose based, once again, on the plain language of § 33-18-201(6), MCA.
¶54 In DuBray, the insurer insisted that Ridley only applied to medical bills because medical bills were what had been involved in Ridley. However, we held that the rationale in Ridley was equally applicable to wage loss. In DuBray, wage loss was the issue presented to us.
¶55 The issue here is not what shelter from the law can be found in isolated language specific to the facts of each of our prior cases. The issue is simply what is required of a law-abiding insurer pursuant to §§ 33-18-201(4)(6) and (13), MCA. To me, that has been abundantly clear since December 24, 1997, the date of our decision in Ridley v. Guaranty National Ins. Co.
¶56 For these reasons, I concur in part with, and dissent in part from, the majority Opinion.