**Tammy BURGETT, individually and on behalf of all others similarly situated, Plaintiff–Appellant,**

v.

**SAFECO NATIONAL INSURANCE COMPANY, Defendant–Appellee.**

No. 02–35429.

D.C. No. CV–99–00013–DWM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2003.

Decided Aug. 15, 2003.

Before LAY,\* GOODWIN, and GOULD, Circuit Judges.

### MEMORANDUM\*\*

Tammy Burgett appeals from a directed verdict in favor of Safeco National Insurance Company ("Safeco") during a jury trial before the Honorable Donald W. Molloy. Burgett claims that Safeco violated Montana's Unfair Trade Practices Act, Montana Code Annotated §§ 33–18–201(6), and 33–18–201(13), by requesting that she sign an advance pay agreement prior to the payment of her medical expenses. Burgett also appeals the district court's

---

\* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

denial of her Motion for Class Certification. Finally, Burgett requests that certain questions be certified for referral to the Montana Supreme Court. We affirm the district court's decision with regard to denial of Burgett's Motion for Class Certification, but reverse the district court's directed verdict regarding Burgett's claim under Mont.Code Ann. § 33–18–201(6), and 33–18–201(13), and remand for a determination of Burgett's individual damages. We affirm the district court's directed verdict regarding Burgett's punitive damages claim, and deny her request to refer certain questions to the Montana Supreme Court.

This action stems from an automobile accident that occurred on October 14, 1997, when Alice Gilbert, a Safeco insured, collided into a vehicle driven by Tammy Burgett. Gilbert's vehicle was insured by a Safeco insurance policy with liability insurance coverage limits of $50,000 per person and $100,000 per occurrence. Both parties agree that Gilbert's actions were the cause of the accident. In February 1998, Safeco received a request from Burgett through counsel, requesting payment of her medical expenses. Safeco forwarded an advance pay agreement to Burgett's attorney. Burgett's attorney notified Safeco that Burgett would not sign the agreement. On March 14, 1998, Safeco made an advance payment for the majority of Burgett's medical expenses in the amount of $2,579.49. Safeco disputed and did not pay the balance of $648.00 for medical treatment received after January 30, 1998, based on information Safeco received regarding causation for this portion of the medical treatment.

On October 19, 1998, Burgett settled her claim with Ms. Gilbert for $12,000, releasing Ms. Gilbert from all claims. Burgett contends that Safeco never paid the balance of $648 in medical expenses, but Safeco claims that the October 1998 settlement included all medical expenses claimed by Burgett.

We review the district court's grant of a directed verdict *de novo*. *Zamalloa v. Hart*, 31 F.3d 911, 913 (9th Cir.1994). When the evidence allows only one reasonable conclusion as to the verdict, a directed verdict is proper. *Rudiger Charolais Ranches v. Van De Graaf Ranches*, 994 F.2d 670, 672 (9th Cir.1993). This court reviews the evidence in the light most favorable to the non-moving party. *Lucas v. Bechtel Corp.*, 800 F.2d 839, 850 (9th Cir.1986).

The Montana Supreme Court recently held that an insured has a duty to pay an injured third party's undisputed medical expenses, up to the limits of its coverage and without the benefit of a settlement agreement. *Shilhanek v. D–2 Trucking, Inc.*, 315 Mont. 519, 70 P.3d 721, 724–726 (2003), (citing *Ridley v. Guaranty Nat'l Ins. Co.*, 286 Mont. 325, 331, 951 P.2d 987, 991–92 (Mont.1997)). The failure of an insured to pay such expenses, without a settlement agreement, is a violation of subsections (6) and (13) of § 33–18–201. *Id.* Although Safeco argues that *Ridley* was new law, we agree with Burgett's assertion that *Ridley* was an application of Montana's already existing Unfair Trade Practices Act.

Here, Safeco belatedly complied with the requirements set forth in *Ridley*, and *Shilhanek*, by paying Burgett's undisputed medical expenses on March 14, 1998. Safeco's compliance with these requirements occurred only after its attempt to obtain a signed settlement agreement[1]

---

1. The form sent by Safeco to Burgett stated in part: "Any payment we make is made under

the terms of this agreement." "You agree to limit the amount of your claim against its

from Burgett failed. Safeco's action of attempting to obtain a settlement agreement from Burgett in advance of and as a condition of any payment of her claims, may constitute a failure by Safeco to "attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear," in violation of § 33–18–201(6) and (13). The recent opinion of the Montana Supreme Court, *Shilhanek v. D–2 Trucking, Inc.*, No. 01–874, 2003 Mont. 122A, 2003 Mont. LEXIS 245 at *2–3 (Mont. June 10, 2003), modifying its previous opinion, clarifies that the question of whether an insurer had a reasonable basis for its actions is a question of fact for a jury. *See also Shilhanek v. D–2 Trucking, Inc.*, 315 Mont. 519, 70 P.3d 721 (2003).

▪ In light of this recent decision by the Montana Supreme Court, we amend our earlier opinion to comply with the newly clarified Montana case law. We find that there is sufficient evidence to maintain a cause of action for a violation of § 33–18–201(6), or § 33–18–201(13) against Safeco, and remand the case to the district court for a jury trial to determine whether Safeco had a reasonable basis for attempting to obtain a signed advance pay agreement from Burgett. If the jury determines that Safeco violated § 33–18–201, Burgett has the burden to establish evidence of actual damages as a result of the alleged violation: "An insured or a third-party claimant has an independent cause

of action against an insurer for actual damages caused by the insurer's violation of subsection (1), (4), (5), (6), (9), or (13) of 33–18–201." Mont.Code Ann. § 33–18–242(1) (emphasis added).

In *Ridley*, the Court described the likelihood of actual damages when leveraging occurs:

Medical expenses from even minor injuries can be devastating to a family of average income. The inability to pay them can damage credit and, as alleged in this case, sometimes preclude adequate treatment and recovery from the very injuries caused. Just as importantly, the financial stress of being unable to pay medical expenses can lead to the ill-advised settlement of other legitimate claims in order to secure a benefit to which an innocent victim of an automobile accident is clearly entitled.

*Ridley*, 286 Mont. at 335, 951 P.2d at 993. On remand, the court must, of course, evaluate Burgett's proof of actual damage.

The question of whether a violation of § 33–18–201 is *per se* "actual malice" under Mont.Code Ann. § 27–1–221 for purposes of seeking punitive damages is addressed in § 33–18–242(4): "In an action under this section, the court or jury may award such damages as were proximately caused by the violation of subsection (1), (4), (5), (6), (9), or (13) of § 33–18–201. Exemplary damages may also be assessed in accordance with 27–1–221."[2] Mont.

---

insured to the amount of liability insurance available under the SAFECO National Insurance Company policy which cover (sic) the accident in question and your claim."

SAFECO "Agreement For Advance Payment of Medical Expenses Liability Claims Form." (S.E.R. 31 at ¶ 1.)

**2.** (1) [R]easonable punitive damages may be awarded when the defendant has been found guilty of actual fraud or actual malice.

(2) A defendant is guilty of actual malice if the defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to the plaintiff and:

(a) deliberately proceeds to act in conscious or intentional disregard of the high probability of injury to the plaintiff; or

(b) *deliberately proceeds to act with indifference to the high probability of injury to the plaintiff.*

Code Ann. § 33–18–242(4) (emphasis added).

■ Burgett seeks punitive damages based on Safeco's alleged violation of § 33–18–201(6) and (13). We agree that under § 33–18–242(4) the court or jury *may* award exemplary damages in accord with § 27–1–221. *See* Mont.Code Ann. § 33–18–242(4) (emphasis added). The permissive language of the statute does not require an award of punitive damages in all cases where a violation is established.[3] Upon examination of the record we fail to find sufficient evidence of actual fraud or actual malice. Accordingly, we affirm the district court's directed verdict on the issue of punitive damages.

■ We also affirm Burgett's appeal from the district court's denial of class certification. The district court found that the evidence indicated no more than seven potential class members, and for that reason joinder was practicable. In addition, the district court found that Burgett could not meet the commonality and typicality requirements for class certification under Fed.R.Civ.P. 23. We find no abuse of discretion in the district court's decision, and accordingly, we affirm the district court's denial of Burgett's Motion for Class Certification.

As to Burgett's request that certain questions be referred to the Montana Supreme Court, this request is denied. The recent decision of the Montana Supreme Court in *Shilhanek, supra,* made it clear that its 1997 *Ridley* decision further defined insurers' obligations. *See* 70 P.3d at

725. The Court also clarified that insurers have a duty to pay only undisputed medical expenses of injured third-parties. *Shilhanek,* 70 P.3d at 725–26.

AFFIRMED in part, REVERSED in part, and REMANDED to the district court for a new trial.

3. The use of the permissive "may" language makes it clear that a violation of § 33–18–201 does not require that punitive damages be automatically awarded in all cases where a violation is established. Mont.Code Ann. § 33–18–242(4). In light of the fact that a Montana statute provides the answer to Burgett's question, there is no basis for certification of this question to the Montana Supreme Court.

