JUSTICE WARNER
specially concurring.
¶30 I agree with the result reached by the Court on Issue One, but for a different reason. The Court is correct in its conclusion at ¶ 15, that the issues in a UTPA claim are separate and distinct from the issues in the underlying suit. The issue in the underlying suit is the liability of the Defendant. In this UTPA claim the issue is whether an insurer and a claims service violated the statutes in failing to conduct a reasonable investigation and in failing to attempt in good faith to settle the claim when liability became reasonably clear. However, both the Defendants here, Continental Western and Montana Claims, along with the Court, analyze the matter in connection with the defense verdict, not the entry of a final judgment.
¶31 In my view, a final judgment that the insured in the underlying suit is not liable to the Plaintiff must have the result that as a matter of law, the insurer did not act unreasonably in refusing to settle the claim. Such is an important purpose of § 33-18-242(6)(b), MCA, which states:
A third-party claimant may not file an action under this section *76 until after the underlying claim has been settled or a judgment entered in favor of the claimant on the underlying claim. [Emphasis added.]
¶32 This statutory language, in my view, bars a third-party UTPA action if a final judgment is entered in favor of the defendant on the underlying claim. I cannot see how such a judgment in favor of the insured Defendant in the underlying action could be achieved without a reasonable investigation based upon all available information as required by § 33-18-201(4), MCA. Nor could liability be reasonably clear if a jury correctly determined that the insured was not liable. We have determined such to be the law.
Only those third-party claimants who are able to achieve a settlement or prevail at trial may, in turn, bring an UTPA action - meaning meritless UTPA claims are theoretically extinguished before a claim is ever filed. This provision serves to both protect insurers from frivolous claims and facilitate judicial economy. [Emphasis added.]
Safeco, ¶ 28.
¶33 This necessarily means that those third-party claimants who are not able to prevail at trial cannot bring a UTPA action. Thus, the Court’s statements at ¶ 15 that “A defense verdict in the negligence suit is not tantamount to a jury finding that the insurer did not violate the UTPA,” and “[accordingly, a jury verdict for the defense in the underlying suit does not, as a matter of law, establish a ‘reasonable basis’ defense under § 33-18-242(5), MCA,” are technically correct, but are also misleading.
¶34 Ajury verdict that results in a final judgment for the defense bars a subsequent UTPA action on the same claim as a matter of law. In this instance, the District Court’s error was not in holding that a defense verdict in the underlying case bars a subsequent UTPA claim - but in holding that the verdict was the same as a final judgment. In this instance Plaintiff Graf appealed the judgment based upon the verdict. Graf contended for several reasons that the verdict was the result of error. Thus, the judgment and verdict were susceptible to being set aside as improperly entered. Both the verdict and the judgment would in such instance be of no consequence. Central Montana Stockyards v. Fraser (1957), 133 Mont. 168, 186, 320 P.2d 981, 991; O’Brien v. Great Northern R.Co. (1966), 148 Mont. 429, 440, 421 P.2d 710, 716. Before the judgment based on the jury’s verdict became final, and before the appeal was dismissed, Graf was successful in achieving a settlement. Thus, her UTPA claim remains within the *77 ambit of § 33-18-242(6)(b), MCA, and summary judgment dismissing such claim is improper.
¶35 There is no question that the parties did not intend to foreclose a UTPA suit as part of the settlement agreement. The release specifically provided that it was not to be construed as indicating that any party prevailed on the merits of the underlying action.
¶36 The District Court was correct that the decision in this case acts as a disincentive for an insurance company to settle cases on appeal. Yet it is no more of a disincentive to settle than the rule that it is an unfair trade practice to condition a settlement of the underlying claim on a settlement of a UTPA action. Shilhanek v. D-2 Trucking, Inc., 2003 MT 122, ¶ 19, 315 Mont. 519, ¶ 19, 70 P.3d 721, ¶ 19. In this instance Defendants opted to settle the underlying case, even though they were entitled to the presumption that the judgment of the District Court was correct. They necessarily did so in contemplation of defending a UTPA claim.