JUSTICE COTTER
concurs and dissents.
¶64 I concur with the Court’s disposition of Issue One. I would reverse and remand Issues Two and Three for trial.
¶65 Issue Two presents the question of whether the District Court erred in granting summary judgment to State Farm on the common-law bad faith and breach of the covenant of good faith and fair dealing claims presented by Frank. Frank asserts two claims. In his first-party claim, in which he stands in the shoes of Vail pursuant to assignment, Frank argues that State Farm breached its duty of good faith and fair dealing to Vail, by refusing to accept Frank’s reasonable demand to settle Alicia’s claims against Vail for the additional $50,000 available under the policy. He presents a similar third-party claim on behalf of Heath’s estate and Alicia. The Court agrees with the District Court’s conclusion that summary judgment was appropriate because State Farm had a reasonable basis in law to contest coverage.
¶66 Frank points out that by refusing to accept his demand, and by offering only $5,000 and refusing to further negotiate, State Farm put Vail in jeopardy of having an excess judgment entered against her. Vail asked State Farm to defend her in the underlying liability suit and indemnify her without limits, both of which State Farm refused to do. In fact, in a letter written to Vail in 2008, State Farm not only refused to indemnify her, but also indicated it would not pay for the defense of the declaratory judgment action that it had filed against her. Frank further points out that it was almost three years after he *220 made a demand for the limits of liability upon State Farm that the company even began considering the filing of a declaratory judgment action.
¶67 In addition to the foregoing, it bears noting that in 2006, a year before it filed its declaratory action defending its limits of liability clause in the Freyer I litigation, State Farm amended its automobile policies in Montana to remove the key phrase in the limits of liability clause that reads “sustained by such other persons who do not sustain bodily injury.” This fact was not disclosed to Frank or Vail at all until December 2011 and only then because State Farm was asked in discovery to produce the text of the ‘Limits of Liability” clauses it had used both before and after the issuance of Freyer’s policy.
¶68 The Court errs in its analysis of Issue Two in two major respects. First, it focuses solely on the question of whether State Farm had a reasonable basis in law to contest coverage. It apparently concludes that the question of whether State Farm refused to settle within policy limits where liability is reasonably clear is wholly subsumed within the “reasonable basis in law” analysis. The questions are related but nonetheless distinct. There is no question of Vail’s liability for the accident. Where liability is reasonably clear, an insurer has an obligation to attempt to settle within policy limits so as to protect its insured from the prospect of a judgment in excess of policy limits. Shilhanek v. D-2 Trucking, Inc., 2003 MT 122, ¶ 25, 315 Mont. 519, 70 P.3d 721. A reasonable jury could conclude that by refusing over a period of three years to budge from a $5,000 offer under the foregoing circumstances, State Farm breached its obligation to attempt settlement within policy limits, thus placing its insured in jeopardy. The Court cites Jessen with approval in ¶ 46, but then disregards the very point of the discussion: the question of whether an insurer acted in “good faith” is to be made on a case-by-case basis. As noted below, the question is one of fact, not law.
¶69 Second, the Court errs in construing all facts in favor of State Farm in reaching its conclusion that State Farm had a reasonable basis in law to contest coverage. It presumes throughout its analysis that State Farm acted in complete good faith, weaving into the Opinion an analysis of our case law so as to justify the amended language that State Farm added to its “each person” limit-language which this Court later interpreted against it. Noticeably, however, the Court does not even address the fact that State Farm again amended its automobile policies in Montana a year before filing this declaratory action, so as to remove the key phrase from its limits of liability clause. Given the *221 timing of this policy revision, and the fact that it occurred while State Farm was steadfastly refusing to negotiate with Frank, a reasonable jury could certainly conclude that State Farm made the conscious decision to change its policy midstream because it concluded it may not have a reasonable basis in law for contesting such claims after all.
¶70 On summary judgment, a court should not be weighing the evidence or choosing one disputed fact over another. Cole v. Valley Ice Garden, L.L.C., 2005 MT 115, ¶ 4, 327 Mont. 99, 113 P.3d 275. This covert policy change in the midst of a settlement standoff plays an important role in Freyers’ argument that State Farm engaged in bad faith. The Court errs in choosing to wholly disregard this significant factor and the potential bearing it could have on a jury’s analysis of State Farm’s reasonableness.
¶71 Unfortunately, making reasonableness determinations at the summary judgment stage is becoming a trend. In White (Cotter, J., concurring and dissenting), we upheld summary judgment in favor of State Fund, concluding that White’ shad faith claims must fail because State Fund had a reasonable basis in law for terminating his benefits. In so doing, we ignored a time-honored premise. White, ¶ 28. In Dean v. Austin Mut. Ins. Co., 263 Mont. 386, 389, 869 P.2d 256, 258 (1994), we said that “reasonableness is generally a question of fact; therefore, it is for the trier of fact to weigh the evidence and judge the credibility of the witnesses in determining whether the insurer had a ‘reasonable basis’ for denying a claim.”As in White, we again ignore Dean’s caution by concluding here that reasonableness is susceptible to determination on summary judgment, and by selecting the facts that support our conclusion.
¶72 The Court cites three cases for the proposition that an insurer cannot be held liable for bad faith if the insurer had a reasonable basis for contesting the claim. Opinion, ¶ 55. White is one of those cases. In the other two cases we cite-Ellinghouse and Palmer by Diacon-4he question of whether the insurer engaged in bad faith was resolved by a jury. Though the verdict in favor of Palmer was reversed on other grounds, we stated in Palmer that the district court did not err “by concluding that reasonable people could draw different conclusions about whether Farmers’ had a reasonable basis for contesting Palmer’s claim.” Palmer, 261 Mont. at 104, 861 P.2d at 903. As in White, I again maintain here that while reasonable people could ultimately determine that State Farm had a reasonable basis for denying a claim, they could also conclude to the contrary. The point is that the reasonableness of State Farm’s conduct is for the trier of fact to determine. I would *222 therefore reverse and remand for a jury’s determination Freyers’ common-law bad faith claims and their claims that State Farm breached the covenant of good faith and fair dealing.
¶73 Finally, as to Issue Three, I conclude consistent with the above analysis that the Court also errs in upholding summary judgment on the UTPA claims. I would reverse and remand the UTPA claims for trial.
¶74 I therefore concur and dissent.
JUSTICE WHEAT joins the Concurrence and Dissent of JUSTICE COTTER.