NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAMES BRODOWY; MARGARET
BRODOWY,

Plaintiffs-Appellants,

v.

PROGRESSIVE DIRECT INSURANCE
COMPANY, DBA Progressive Direct Auto,

Defendant-Appellee.

No.    23-35621

D.C. No. 6:22-cv-00030-KLD

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Kathleen Louise DeSoto, Magistrate Judge, Presiding

Argued and Submitted July 10, 2024
Seattle, Washington

Before:  McKEOWN, CLIFTON, and BRESS, Circuit Judges.

James and Margaret Brodowy appeal a district court order granting summary

judgment to defendant Progressive Direct Insurance Company on the Brodowys'

Montana state law claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review

the district court's summary judgment ruling de novo.  *Donnell v. Kowell*, 533 F.3d

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

762, 769 (9th Cir. 2008).  We affirm.

1.    The district court properly granted summary judgment to Progressive on the Brodowys' Montana Unfair Trade Practices Act (UTPA) claims.

*First*, Progressive did not violate the UTPA by failing to advance pay medical expenses in accordance with *Ridley v. Guaranty National Insurance Co.*, 951 P.2d 987 (Mont. 1997).  The UTPA prohibits certain unfair trade practices in connection with insurance "claims."  *See* Mont. Code Ann. § 33-18-201(2), (4), (6), (13).  The Montana Supreme Court has further explained that the UTPA "addresses the relationship between an insured and an insurance company *once a claim has been filed*."  *Thomas v. Nw. Nat. Ins. Co.*, 973 P.2d 804, 809 (Mont. 1998) (emphasis added).  From this, district courts in Montana have concluded that the advance payment obligation under *Ridley* is triggered only when a plaintiff requests that an insurer pays his medical bills.  *See, e.g.*, *Moe v. GEICO Indem. Co.*, 2021 WL 4244986, at *6–9 (D. Mont. Sept. 15, 2021), *vacated on other grounds*, 73 F.4th 757 (9th Cir. 2023).  Such a requirement often accords with many plaintiffs' best interests, as it allows claimants to first use health insurance to pay medical expenses and then obtain those amounts from the tortfeasor's insurer.  *Id.* at *8.

The Brodowys do not seriously dispute that they were required to make a claim in order for Progressive's *Ridley* obligations to attach.  Instead, they argue they sufficiently made such a claim here.  We conclude, however, that the Brodowys

2

did not make a *Ridley* demand, so Progressive did not violate the UTPA by failing to advance pay medical expenses. Progressive was told by a hospital representative that Margaret was "wondering" if the hospital could bill Progressive directly. This was insufficient to constitute a claim for *Ridley* advance payments. The Brodowys concede that Montana cases in this area have all involved explicit demands for advance payment, and they point to no Montana precedent that has applied *Ridley* absent such a request or in a situation like the one here.[1]

*Second*, Progressive did not violate the UTPA by including an optional release with its payment of policy limits. Montana law prohibits leveraging payment with conditional releases. *See High Country Paving, Inc. v. United Fire & Cas. Co.*, 454 P.3d 1210, 1215 (Mont. 2019) (prohibiting conditional releases where the "only reason" to support the conduct is leveraging); *Shilhanek v. D-2 Trucking, Inc.*, 70 P.3d 721, 726–27 (Mont. 2003). But the Brodowys identify no Montana authority prohibiting optional releases like the one here. And in this case, Progressive clearly indicated that the Brodowys were not required to sign the release in order to receive payment.

*Third*, Progressive's inclusion of Margaret on the optional release did not violate the UTPA. As the Brodowys recognize, Montana law provides that any

---

[1] We reject the Brodowys' argument that Progressive unreasonably delayed in responding to James's accident. The record supports Progressive's position that it acted reasonably promptly.

derivative claims Margaret would assert based on James's injury would be subject to the same "per person" limit under the policy. *See Bain v. Gleason*, 726 P.2d 1153, 1157 (Mont. 1986). The Brodowys cite no Montana precedent that required Progressive to inform Margaret about any potential non-derivative claims she might have had, nor have they identified any Montana authority prohibiting the actions Progressive took here. Once it became clear that Margaret was making her own claim, Progressive provided her with the amount due under the policy.

2. The district court did not err in granting summary judgment to Progressive on the Brodowys' common law claims. While the Brodowys separately pleaded a common law bad faith claim, that claim is "not independently cognizable" because the Brodowys have concurrently pleaded UTPA violations, and thus the common law claim is "necessarily subsumed" into the statutory claim. *Folsom v. Mont. Pub. Emps. Assn., Inc.*, 400 P.3d 706, 717 (Mont. 2017). And even if the Brodowys could bring a separate common law claim, it would fail for the same reasons that the UTPA claim fails.

The Brodowys' common law claim for breach of the covenant of good faith and fair dealing lacks merit because there is no underlying contract between the parties that would support this claim. *See Cate v. First Bank (N.A.) Billings*, 865 P.2d 277, 280 (Mont. 1993) ("We conclude that because no contract, express or implied, existed . . . there could be no breach of the covenant of good faith and fair

4

dealing."). While the Brodowys argue that some states allow third-party claimants to bring such an action, they cite no Montana law that endorses such a theory, and the California case they cite, *Hand v. Farmers Ins. Exch.*, 29 Cal. Rptr. 2d 258, 264 (Cal. Ct. App. 1994), involves the different situation of judgment creditors. As Montana law is "clear that the implied covenant of good faith and fair dealing does not attach in the absence of an enforceable agreement," we do not find support for the Brodowys' theory. *See Chipman v. Nw. Healthcare Corp., Applied Health Servs., Inc.*, 317 P.3d 182, 189 (Mont. 2014).

3. The district court did not err in granting summary judgment on the Brodowys' claim for punitive damages. Because the district court properly granted summary judgment on the claims for compensatory damages, there is no basis for punitive damages. *See Stipe v. First Interstate Bank-Polson*, 188 P.3d 1063, 1068 (Mont. 2008) ("Actual damages are a predicate for punitive damages, and an individual with no real or actual damages has no right of action for punitive damages.").

**AFFIRMED.**